IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



VINCENT EUGENE WILLIAMS,

    Petitioner,

v.                               Civil Action No. 3:12CV305
                                 Civil Action No. 3:13CV247

HAROLD CLARKE,

    Respondent.

**MEMORANDUM OPINION**

Vincent Eugene Williams, a Virginia prisoner proceeding <u>pro se</u>, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. In the § 2254 Petition, Williams challenged "the execution of his fifteen-year sentence for robbery imposed by the Circuit Court for the County of Stafford." <u>Williams v. Clarke</u>, No. 3:12CV305, 2013 WL 458551, at *1 (E.D. Va. Feb. 6, 2013). By Memorandum Opinion and Order entered on February 6, 2013, the Court denied the petition and dismissed the action. <u>Id.</u> at *4.

Thereafter, Williams filed two Motions for Extension of Time (ECF Nos. 29 ("First Motion for Extension of Time"), 30 ("Second Motion for Extension of Time")), a Motion to Vacate pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 31), and Motion to Substitute Corrected Pages for the Motion to Vacate (ECF No 32). Williams's Motion to Substitute Corrected Pages for the Motion to Vacate (ECF No. 32) will be granted.

For the reasons that follow, the Court will deny Williams's First Motion for Extension of Time (ECF No. 29), grant his Second Motion for Extension of Time (ECF No. 30), and file his Motion to Vacate (ECF No. 31) as a successive, unauthorized 28 U.S.C. § 2254 petition.

### I. Motions For Extension Of Time

In his First Motion for Extension of Time, Williams insists that he has "a fundamental right to challenge the Court's decision by submitting a motion to vacate or set aside the judgment for reconsideration." (ECF No. 29 ¶ 2.)[1] Williams seeks an additional twenty (20) days "to be able [to] get all filings submitted." (Id. ¶ 3.) In his First Motion for Extension of Time, Williams appears to seek additional time to pursue a motion under Federal Rule of Civil Procedure 59(e) or 60(b). The Federal Rules of Civil Procedure prohibit such an extension. See Fed. R. Civ. P. 6(b)(2) (precluding courts from extending the time to act under, inter alia, Rules 59(e) and 60(b)). Accordingly, the First Motion for Extension of Time (ECF No. 29) will be denied.

---

[1] The Court has corrected the capitalization in the quotations from Williams's submissions.

2

In his Second Motion for Extension of Time, Williams seeks "a 30 day time extention [sic] to file his notice of appeal, and motion for COA [(certificate of appealability)]." (ECF No. 30, at 2.) Williams represents that his incarceration and the burden of litigating multiple actions makes it difficult for him to meet the deadline for noting an appeal. (Id. at 1-2.) Upon good cause shown, see Fed. R. App. P. 4(a)(5)(A)(ii), Williams's Second Motion for Extension of Time (ECF No. 30) will be granted in part. Specifically, Williams will be granted an extension of fourteen (14) days from the date of entry hereof to file a notice of appeal.[2] Furthermore, to extent Williams wishes to challenge this Court's denial of a certificate of appealability ("COA"), such a challenge must be directed to the United States Court of Appeals for the Fourth Circuit.[3]

---

[2] "No extension under . . . Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

[3] Local Rule for the United States Court of Appeals for the Fourth Circuit 22(a)(1)(A) contemplates that review of a district court's denial of a COA should be directed to the Fourth Circuit not the district court. 4th Cir. Loc. R. 22(a)(1)(A) (when "the district court has not granted a [COA] . . . appellant may submit a request for a [COA] with the Court of Appeals specifying the issues on which the appellant seeks authorization to appeal and giving a statement of the reasons why a certificate should be issued").

3

## II. Motion To Vacate

On March 15, 2013, Williams filed his Motion to Vacate. (Mot. to Vacate 19).[4] In that motion, Williams requests relief under Federal Rule of Civil Procedure 60(b) and challenges this Court's resolution of the merits of his § 2254 Petition. As explained below, the Motion to Vacate must be treated as a successive, unauthorized 28 U.S.C. § 2254 petition.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive

---

[4] This appears to be the date Williams handed his Motion to Vacate to prison officials for mailing to this Court. Accordingly, that is the date the Court deems the Motion to Vacate filed. See Houston v. Lack, 487 U.S. 266, 276 (1988).

4

labeling. See <u>United States v. Winestock</u>, 340 F.3d 200, 206 (4th Cir. 2003). Accordingly, "district courts <u>must</u> treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" <u>Id.</u> (quoting <u>Calderon v. Thompson</u>, 523 U.S. 538, 553 (1998)).

The Supreme Court has instructed that when, as here, a Rule 60(b) motion "seeks to revisit the federal court's denial <u>on the merits</u> of a claim for relief[, the Rule 60(b) motion] should be treated as a successive habeas petition." <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 534 (2005). Accordingly, the Clerk will be directed to file the Motion to Vacate (ECF No. 31) as a successive § 2254 Petition. Because the Court has not received authorization from the Fourth Circuit to file the successive petition, the action will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this requirement only when "reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Williams fails to meet this standard. A certificate of appealability will therefore be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Williams and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 18, 2013

6